YINXIA ZHANG, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 13-71792

United States Court of Appeals,
Ninth Circuit.

---

Submitted December 18, 2017 [*]

Filed December 20, 2017

Yinxia Zhang, Pro Se

Brendan Paul Hogan, Esquire, Attorney, Kimberly A. Burdge, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM [**]

Yinxia Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Zhang's misrepresentations about her place of residence, inconsistencies between Zhang's testimony and that of her witness regarding church services and Zhang's church attendance, and Zhang's initial failure to testify about being fired from her job in China. *See id.*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Further, substantial evidence supports the agency's finding that Zhang's corroborative evidence does not independently support her claim for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zhang's CAT claim fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured with the consent or acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.